UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>VICTOR HUGO RAMOS-LOPEZ,<br><br>                        Defendant. | Case No. 22-cr-02735-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 31) AND MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 32)** |

       The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based on these amendments, Defendant Victor Hugo Ramos-Lopez files a Motion for Reduction of Sentence (ECF No. 31) and a Motion for Appointment of Counsel (ECF No. 32). The Court referred the case to Federal Defenders for an evaluation. (ECF No. 33.) Federal Defenders has now filed a status report concluding "the Court can decide the motion on the existing record without further assistance of counsel." (ECF No. 35.)

At the time of sentencing, Probation calculated that Defendant had 7 criminal history points. (Presentence Report ¶ 25, ECF No. 25.) Because Defendant was under a criminal justice sentence, two points were added, bringing Defendant's total criminal history points to 9. (*Id.*) Probation thus recommended, and the Court agreed, that Defendant's criminal history category was a IV. (*Id.*) Under the new guideline amendments, only one point would have been added. Thus, Defendant's new criminal history point total would have been 8. However, under the sentencing guidelines, a total of 7, 8, or 9 criminal history points each result in a criminal history category of IV. Therefore, even under the amended guidelines, Defendant's criminal history category would still be a IV, and his guideline calculations would not be any different.

Because the guideline amendments do not change the calculation of Defendant's guideline range, the Motion to Reduce Sentence (ECF No. 31) and Motion for Appointment of Counsel (ECF No. 32) are **DENIED**.

    **IT IS SO ORDERED.**

**DATED: March 22, 2024**

Hon. Cynthia Bashant
United States District Judge